# Wentz, Appellant, *v.* Blair.

*Decedents' estates—Executors and administrators—Suit against administrator—Jurisdiction, C. P.*

1. An action by an heir of a decedent against the administrator of the decedent for moneys had and received cannot be maintained where there has been no adjudication of the estate by the orphans' court, and there is nothing to show any promise by the administrator to pay any certain sum to the plaintiff in lieu of her distributive share in the decedent's estate.

*Practice, C. P.—Trial—Nonsuit.*

2. A plaintiff cannot complain of a nonsuit entered by the court before he had an opportunity of introducing all his testimony, where the record does not show that he offered any additional testimony, or had noted on the record any objection or exception to the alleged premature closing of the case, or to the rejection of any testimony.

Argued April 10, 1911.   Appeal, No. 129, Jan. T., 1910, by plaintiff, from order of C. P. Luzerne Co., Dec. T., 1903, No. 207, refusing to take off nonsuit in case of Elizabeth

Wentz v. R. J. Blair, Ancillary Administrator of the estate of W. H. Courtright, deceased, and intervenors: Mary A. Courtright et al. Before Fell, C. J., Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Assumpsit for moneys had and received. Before Hall, P. J., specially presiding.

The opinion of the Supreme Court states the case.

At the trial the court entered a compulsory nonsuit.

On motion to take off the nonsuit Hall, P. J., filed the following opinion:

The counsel for the plaintiff in the brief filed on his motion to take off the compulsory nonsuit in the above case seems to have entirely misapprehended the reasons that moved the court to direct that a nonsuit be entered.

Conceding, for the purpose of this discussion, that all of the facts alleged by the plaintiff are true and susceptible of proof; that W. H. Courtright, as executor of his wife Clarissa Courtright, embezzled the funds of her estate which were bequeathed to her heirs, of whom the plaintiff in this action is one; that he wrongfully converted them to his own use and removed from this state and the jurisdiction of this court, thereby committing a "devastavit" which rendered him personally liable to the plaintiff; that he afterwards admitted these facts in various letters asking for further time, and promised to pay her the amount due from her mother's estate, and that his moral obligation so to do was a sufficient consideration for this promise and an action would properly lie in the court of common pleas to enforce it, the fact still remains that the amount due to the plaintiff does not appear in these letters and can only be properly ascertained by an adjudication in the orphans' court. The court of common pleas has no jurisdiction to determine this question. If a citation had been issued to W. H. Courtright in his lifetime, or to his ancillary administrator after his death, and the amount of his indebtedness to this plaintiff had been adjudicated

by the orphans' court, we would have no hesitation in ruling that the amount so determined could be collected from his personal estate under the evidence offered in this case by appropriate proceedings in this court, but in the absence of such an adjudication by the proper tribunal we are of the opinion that the plaintiff's case presents a preliminary question for determination which does not come within the jurisdiction of this court to decide.

Under the circumstances of this particular case we are aware that this ruling works a serious hardship to the plaintiff and we would be very glad if it were possible under the law to hold otherwise, but after a most careful and serious consideration we are convinced that any other ruling would be reversible error.

There is no merit in the plaintiff's contention that we should not have granted the nonsuit until he had finished putting in his evidence. The nonsuit was granted upon the admission by the plaintiff's counsel in open court that no adjudication had ever been made by the orphans' court. This being admitted, as it ousted our jurisdiction of the case, under our view of the law, it would have been entirely useless to take up the further time of the court by the introduction of evidence on other matters.

The motion to take off the nonsuit is, therefore, denied.

*Error assigned* was refusal to take off nonsuit.

*Wm. C. Johnston,* with him *James R. Scouton,* for appellant.—We submit that a nonsuit should only be granted if on the whole of the plaintiff's evidence being submitted to the jury, the jury would not be justified in finding a verdict against the defendant: Howard Express Co. v. Wile, 64 Pa. 201; Finch v. Conrade, 154 Pa. 326; Bastian v. Phila., 180 Pa. 227.

We respectfully submit further the following authorities on the proposition that Elizabeth Wentz, the appellant, is a creditor of W. H. Courtright: Pry's App., 8 Watts, 253; Whelen's App., 70 Pa. 410; Burt v. Herron, 66 Pa. 400;

Smith v. Carroll, 112 Pa. 390; Bailey v. Marshall, 174 Pa. 602; Pizzi v. Nardello, 209 Pa. 1; Viosca's Est., 197 Pa. 280; Mansfield v. McFarland, 202 Pa. 173; Kimble v. Carothers, 81 Pa. 494; Phillips v. R. R. Co., 107 Pa. 465; Pringle v. Pringle, 130 Pa. 565; Strouse v. Lawrence, 160 Pa. 421.

*William S. McLean,* with him *William S. McLean, Jr.,* for appellees.—There was no decree of distribution in the estate of Clarissa Courtright. Until such a decree is made an assumpsit by an heir will not lie against a personal representative: Whiteside v. White, 30 Pa. 473; Ashford v. Ewing, 25 Pa. 213; Dundas' App., 73 Pa. 474; Yocum v. National Bank, 195 Pa. 411.

*Q. A. Gates,* for R. J. Blair, administrator.

OPINION BY MR. JUSTICE MESTREZAT, May 23, 1911:

The plaintiff failed on the trial to prove the claim for which the action was brought and was properly nonsuited. The statement shows the demand was for $1,100 with interest from August 1, 1883, for moneys had and received by W. H. Courtright during his lifetime to the use of the plaintiff. As suggested by her counsel, the plaintiff claimed as a creditor of Courtright, that he promised in writing to pay her certain sums of money to extinguish his indebtedness to her, that she is not suing for a distributive share of any estate, and that the action brought by her does not involve the necessity of determining any question as to the amount of a decedent's estate. The burden was, therefore, upon her to show to the satisfaction of the jury a certain indebtedness due from W. H. Courtright to her for which an action for money had and received would lie. In this she entirely failed. The written promises on which she relies were contained in certain letters in evidence, but a careful examination of them does not disclose that Courtright promised the plaintiff to pay her $1,100 or any other specified sum. He acknowl-

edged that as administrator he received certain moneys belonging to the estate of the plaintiff's mother in which the plaintiff had an interest. It further appears by the letters that he made plaintiff a proposition to pay her and the other heirs certain sums of money, but it was on the condition that they would receipt to him in full for the claims they had against him as administrator of his wife's estate. There is nothing in the evidence to show that the plaintiff accepted the offers contained in the letters. It is not averred in the statement that W. H. Courtright filed an account as administrator of his wife, nor is it averred that a decree of distribution was made by the orphans' court distributing the funds in his hands and awarding to the plaintiff any specific sum as administrator, and, as has been said, there was nothing to show any promise in writing by the administrator to pay any certain sum to the plaintiff in lieu of her distributive share in her mother's estate. . Under these circumstances the court could not permit the jury to guess that Courtright was indebted to the plaintiff in the sum of $1,100 or in any other definite sum for which a verdict could be rendered in an action for money had and received.

The record does not disclose that the court below entered the compulsory nonsuit before the plaintiff had an opportunity to introduce all her testimony. It only appears by the opinion of the court in refusing to take off the nonsuit. We cannot, however, reverse the court for refusing to take off the nonsuit because it was granted before the plaintiff had concluded her testimony or because the court had rejected part of her testimony. The right to a nonsuit is determined on the evidence before the court and not on evidence which was offered and rejected by the court. The plaintiff should have offered her additional testimony and, if rejected, had an exception noted. If the evidence should have been admitted, the ruling would have been reversible error, although, without it, the nonsuit would have to be sustained. There is no objection or exception on the record to the alleged pre-

mature closing of the case or to the rejection of any testimony, and hence those questions cannot be reviewed on this appeal.

The facts found by the learned court below justified it in opening the judgment entered on the award of arbitrators and letting the defendants into a defense, and therefore the first and second assignments are not sustained. The learned court below has found and stated the facts and we will not discuss them here.

The judgment is affirmed.